UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER DAVID DRAKE, <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL FINANCE COMPANY, LLC, <br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:17-cv-01765 <br><br> DEMAND FOR JURY TRIAL |

# COMPLAINT

NOW comes CHRISTOPHER DAVID DRAKE ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CONTINENTAL FINANCE COMPANY, LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a 37 year-old natural person residing in Chicago Heights, Illinois, which falls within the Northern District of Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

7. Defendant is a limited liability company formed under the laws of Delaware that "is one of America's leading marketers and servicers of credit cards for consumers with less-than perfect credit."[1] Defendant's headquarters are located at 121 Continental Drive, Suite 108, Newark, Delaware, and it regularly conducts business with consumers in the State of Illinois.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

11. About a year and a half ago, Plaintiff obtained a consumer line of credit through Defendant. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

---

[1] http://continentalfinance.net/

12. Beginning in approximately January of 2017, Plaintiff began receiving phone calls from Defendant to his cellular phone, (708) XXX-7393. *See* Exhibit A.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 7393. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. The phone number that Defendant most often uses to call Plaintiff's cellular phone is (866) 449-4530. *Id.*

15. Upon information and belief, the above phone number ending in 4530 is a number utilized by Defendant during its debt collection activity.

16. Upon answering calls from Defendant, Plaintiff experiences dead air and does not receive a response after saying "hello." *Id.*

17. Plaintiff has repeatedly yelled into the phone, demanding that Defendant remove his phone number from its call list, and to stop contacting him. *Id.*

18. Despite his multiple demands, Defendant has continued to systematically call Plaintiff's cellular phone up until the date of the filing of this complaint.

19. Since his demands to cease contact were not effective in ending the phone calls, Plaintiff called Defendant to inquire about its harassing calls. *Id.*

20. Upon speaking with one of Defendant's representatives, Plaintiff was informed that it was calling him to collect upon past due credit card debt. *Id.*

21. Plaintiff asked Defendant's representative why he was continuing to receive calls after he demanded that it stop calling him, and its male representative told him the following statements, including but not limited to:

- "You requested that all calls stop on the 16th of January"
- "I see that they kept calling you…I do apologize for that"
- "They were calling you everyday"

- "I will place a 'do-not-call' on your account…I assure you you will not receive any more calls"

22. Defendant has also called Plaintiff's cellular phone multiple times during the same day, even after notifying it that he did not wish to be contacted. *Id.*

23. Plaintiff has received not less than 40 phone calls from Defendant since asking it to stop calling. *Id.*

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

25. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $59.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity…to

4

store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The dead air that Plaintiff experienced upon answering Defendant's phone calls is instructive that an ATDS was being utilized to generate the phone calls. In addition, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

31. Defendant violated the TCPA by placing at least 40 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to be contacted by Defendant using an ATDS was explicitly revoked upon his numerous demands to cease contact.

32. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, CHRISTOPHER DAVID DRAKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

36. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he notified it to cease calling him. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

37. Defendant also employed deceptive and unfair means when it would call Plaintiff's cellular phone and not inform him as to why it was calling. Plaintiff experienced dead air upon answering Defendant's phone calls, which is a tactic used by Defendant to force consumers to call it back and inquire about the phone calls. It was not until Plaintiff returned its call, that Defendant notified him that it was attempting to collect upon a debt. This is intentional deceptive behavior, in that Defendant knows that consumers will likely hang up if it notifies them that it is seeking to collect upon a debt. It is reasonable, however, to think that a consumer who experiences dead air on a number of phone calls every day from the same company would eventually call it back to inquire

about the nature of the ample phone calls. Defendant employs this unfair and deceptive tactic to have a more favorable chance in securing payment.

38. Furthermore, Defendant admitted that its behavior was deceptive and unfair. Upon Plaintiff calling back Defendant and inquiring about the phone calls, one of Defendant's male representatives acknowledged that Plaintiff requested all calls stop on the 16th of January and admitted that the calls continued. Defendant even apologized for that and told Plaintiff that he would place a "do-not-call" on his account. This rises to an extreme level of deception and unfair tactics, because despite Defendant knowing that it should not have been calling Plaintiff, as there was clearly a notation on his account requesting all calls cease, Defendant still acted in defiance of these demands and systematically continued to place calls to Plaintiff's cellular phone. Plaintiff asked for his number to be removed from Defendant's system, but it was not until he called it back that Defendant finally listened to him and assured him that the calls would cease.

39. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that she does not wish to be contacted.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 23 through 27, Plaintiff has suffered actual damages as a result of

7

43. Defendant's unlawful practices, including costs associated with purchasing and maintaining a blocking application subscription. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

44. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Defendant was notified by Plaintiff that he did not wish to be contacted. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 40 times and even called multiple times during the same day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After Plaintiff first demanded that it stop calling him, Defendant had more than enough information to know that it should not continue placing phone calls to his cellular phone. Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, CHRISTOPHER DAVID DRAKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March, 6, 2017                                      Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard, Suite 150 | 900 Jorie Boulevard, Suite 150 |
| Oak Brook, Illinois 60523 | Oak Brook, Illinois 60523 |
| (630) 575-8181 x113 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |